**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROBERT LAROY JOHNSON II, | Case No. |
| Plaintiffs, | |
| v. | **COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |
| PRIVATE EYES SCREENING GROUP INC., | |
| Defendant. | |

Robert Laroy Johnson II ("Plaintiff" or "Mr. Johnson") by and through his counsel brings the following Complaint against Private Eyes Screening Group Inc. ("Defendant" or "Private Eyes") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## INTRODUCTION

1.      Defendant Private Eyes falsely reported to Plaintiff's prospective employer that Plaintiff was convicted of two misdemeanors for Driving on a Suspended License and charged with one Driving Revoked/Suspended DUI felony.  These items do not belong to Plaintiff, whose criminal record is entirely clean.

2.      Plaintiff's prospective employer Alacrity Solutions denied Plaintiff's job application after receiving the erroneous employment background check report from Defendant.

3.      Defendant's inaccurate reporting did not account for the actual court records from Cook County, Illinois, which would have shown that the criminal records belong to a different

consumer. Plaintiff has never lived in Cook County, Illinois, nor has he ever been there, except for a layover in Chicago. Defendant acted pursuant to its standard policies and practices, which fail to place requisite emphasis on the accuracy of public records.

## PARTIES

4.      Robert Laroy Johnson II ("Plaintiff" or "Mr. Johnson") is a natural person residing in Sandy Springs, Georgia, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

5.      Defendant Private Eyes Screening Group Inc. ("Defendant" or "Private Eyes") is a Nevada corporation doing business throughout the United States, including the State of Georgia and in this District and has a principal place of business at 9080 Double Diamond Pkwy STE C, Reno, NV 89521. Private Eyes can be served at its registered agent for service Denies Enterprises, LLC. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.      In or about early October 2024, Plaintiff applied for full-time employment as an insurance adjuster with Alacrity Solutions.

9.      On or about October 9, 2024, Alacrity Solutions purchased a criminal background check on Plaintiff from Defendant. On or about October 23, 2024, Defendant completed its consumer report about Plaintiff and published the same to Alacrity Solutions.

10.    Defendant's consumer report about Plaintiff included two stigmatizing misdemeanor convictions, and one felony charge, from Cook County, Illinois, which appeared in the consumer report, as disclosed to Plaintiff, as follows:

| Search ID. 3696818 - Unlimited County Criminal Search- USA-IL-Cook | Record |
|---|---|
| Applicant Screened | Robert Johnson |
| Date of Birth | ████/1979 |
| SSN | XXX-XX████ |
| Reference No. | |

**Case Number - 00566337**

| Charge | |
|---|---|
| Disposed Charge | DRIVING ON SUSPENDED LICENSE |
| Disposition Name | GUILTY |
| Other Disposition | |
| Offense Level Name | MISDEMEANOR |

**Case Number - 00603728**

| First Name On File | ROBERT |
|---|---|
| Last Name On File | JOHNSON |
| Middle Name On File | L |

| Charge | |
|---|---|
| Disposed Charge | DRIVING ON SUSPENDED LICENSE |
| Disposition Name | GUILTY |
| Other Disposition | |
| Offense Level Name | MISDEMEANOR |

| Case Number - 24C33035001 | |
|---|---|
| First Name On File | ROBERT |
| Last Name On File | JOHNSON |
| Middle Name On File | L |

| Charge | |
|---|---|
| Disposed Charge | DRIVING REVOKED/SUSPENDED DUI/SSS 2ND |
| Disposition Name | PENDING |
| Other Disposition | |
| Offense Level Name | FELONY |

11.     Public court records confirm that the records belong to an unrelated male, Robert Lee Johnson, Jr.  Plaintiff has only ever resided in Georgia and has never been to Illinois, except for a flight layover.  Plaintiff's Social Security number is different from that of Robert Lee Johnson, Jr.

12.     Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal records belong to an unrelated individual with a different middle name than Plaintiff, with a different Social Security Number, and who resides in a different part of the country than Plaintiff.

13.     Upon information and belief, Private Eyes does not use reasonable and/or industry-standard name matching criteria whereby additional matching criteria are required specifically for individuals with more common names like "Robert Johnson."

14.     On or about October 25, 2024, and November 6, 2024, Plaintiff was notified by Alacrity Solutions that his employment application was denied, or his offer was rescinded, as a direct result of the misdemeanor and felony records reported by Defendant.

15.     When Plaintiff obtained a copy of the subject consumer report, he was shocked and humiliated upon reviewing and realizing that the serious criminal convictions of another, namely

Robert Lee Johnson, Jr., were published in the consumer report Defendant sold about Plaintiff to Alacrity Solutions.

16.     In or about November 2024, Plaintiff disputed the criminal record information with Defendant.  Upon information and belief, Defendant investigated Plaintiff's dispute and removed the criminal records from the subject consumer report.

17.     However, even though Plaintiff followed up with Alacrity Solutions in the hopes that the job offer would be reinstated, Alacrity Solutions has not reinstated Plaintiff's job offer or otherwise offered him a new position.

18.     The position with Alacrity Solutions was full-time, had a competitive benefits package, and was well-paying by Plaintiff's standards.  Compensation for the open position(s) was substantially commission-based, but Plaintiff understood the average pay to be about $125,000 per year.  Plaintiff made this estimate based on discussions with Plaintiff's family members who are are insurance adjusters.

19.     Plaintiff was qualified to successfully perform the work and was passionate about the field, since he had family members in the industry.

20.     To this date, Plaintiff has been without a stable job since the denial of employment by Alacrity. Plaintiff started a landscaping business makes up to about $6,000 per month in revenue, but his take home pay is less because there are considerable expenses involved, including gas and insurance, and because much of the work is seasonal.

21.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time

and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

22.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

23.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

24.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages as stated above.

25.    Defendant willfully violated 15 U.S.C. § 1681e(b) in that its violations were willful or reckless, rendering them liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, the violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26.    Plaintiff is also entitled to recover reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.   Determining that Defendant negligently and/or willfully violated the FCRA;

ii.  Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.  Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: January 20, 2025

By: */s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com

Attorneys for Plaintiff

*Attorneys for Plaintiff,*
*Robert Laroy Johnson II*